# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:22-cv-00111-MR

| | |
|---|---|
| DANIEL GALLARDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| IREDELL COUNTY COURTS, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. Also pending is a pro se Motion requesting transcripts in two Iredell County criminal cases. [Doc. 8]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I.    BACKGROUND**

The pro se Plaintiff, who is a pretrial detainee at the Iredell County Detention Center,[1] filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing his pretrial detention. [Doc. 1]. He names as Defendants in their official capacities: "Iredell County Court's (Superior, District)" ("Iredell County

---

[1] In the Complaint, the Plaintiff describes his status as "other" and states: "[i]ncarcerate [sic] still waiting to have a probable cause hearing." [Doc. 1 at 4]. A search of Iredell County Superior Court records reflects that Case Nos. 21CRS056217 and 21CRS056218, are presently pending in Iredell County Superior Court. See Fed. R. Evid. 201.

Courts") and the Iredell County District Attorney's Office. [Id. at 2]. He describes his claim as follows: "Not given me my probable cause hearing within the 15 day. Keep on pushing my court date's further out." [Id. at 3] (errors uncorrected). The Plaintiff does not assert any injury. [Id. at 5 (stating "N/A" in the Complaint's "Injuries" section)]. He requests the following relief:

> For all charges to be dismissed with prejudice. For all party's involve to pay three million dollars each for the time I been incarcerate which is 8 months. For the loss of my car and for the emotional and distress they have put my family through and myself. And for all the charges to be wipe off all records.

[Id. at 5] (errors uncorrected).

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.

Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION[2]

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff purports to name as Defendants the Iredell County Courts and the Iredell County District Attorney's Office, which are arms of the State of North Carolina. See N.C. Gen. Stat. §§ 7A-60 ("The State shall be divided into prosecutorial districts…. There shall be a district attorney for each prosecutorial district…."); 7A-3 (consolidating all courts within North Carolina into unified "General Court of Justice"); 7A-4 (the General Court of Justice consists of an appellate division, a superior court division, and a district court

---

[2] The Complaint, which was written lightly in pencil, is difficult to read. The Plaintiff is encouraged to write more legibly in any future filings.

division).  Neither a State nor its officials acting in the official capacities are "persons" under § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Thus, civil rights suits against a state, its agencies, and its officials sued in their official capacities for damages are barred absent a waiver by the State or a valid congressional override.  Kentucky v. Graham, 473 U.S. 159, 169 (1985).  The Iredell County Courts and the Iredell County District Attorney's Office are, therefore, dismissed from this action with prejudice.

It also appears that the Plaintiff is attempting to seek damages on behalf of his family members.  [Doc. 1 at 5].  As a pro se inmate, the Plaintiff is not qualified to prosecute a class action or assert a claim on behalf of others.  See Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court.... The right to litigate for oneself, however, does not create a coordinate right to litigate for others"); Hummer v. Dalton, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners."); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.").  Therefore, to the extent that the

Plaintiff has attempted to assert claims on behalf of others, they are dismissed.

The Plaintiff's allegations are so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Moreover, the Plaintiff seeks relief that is unavailable in this § 1983 action.

The Plaintiff's requests to have his pending charges dismissed and for his record to be cleared appear to be barred by abstention principles. The Supreme Court held in Younger v. Harris, 401 U.S. 37 (1971), that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. Id. at 43-44. Under the abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the petitioner has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon,

5

65 F.3d 1126, 1134 (4th Cir. 1995). Here, the Plaintiff has not shown that his case presents those "most narrow and extraordinary of circumstances" that would qualify as an exception to Younger abstention and necessitate federal intervention. See Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). The Court therefore will abstain from addressing the Plaintiff's claims while state court criminal charges are pending against him. Should the Plaintiff believe that his claims are not barred by Younger, he may amend so his Complaint.

To the extent that the Plaintiff is attempting to challenge his pretrial detention, such is not cognizable in the instant § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); 28 U.S.C. § 2241. Thus, to the extent that the Plaintiff is seeking to challenge his pretrial detention, he must do so, if at all, in a separate civil action.[3]

Finally, the Plaintiff has filed a Motion asking the Court to issue an order requiring the Defendants to send him copies of transcripts from his

---

[3] The Clerk will be instructed to mail the Plaintiff a blank § 2241 form. The Court makes no determinations about the potential merit or procedural viability of such an action.

criminal cases. [Doc. 8]. The Plaintiff's Motion appears to be in the nature of a premature discovery request that has been misdirected to the Court.[4] See Fed. R. Civ. P. 26(c) (as a general matter, a party must make initial disclosures at or within 14 days after the parties Rule 26(f) conference); LCvR 26.1 ("Official Court-ordered and enforceable discovery does not commence until issuance of the scheduling order."); LCvR 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses thereto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."). As discussed *supra*, the Plaintiff has not named any Defendant against whom this action may proceed, and the Complaint has not passed initial review. Should the Amended Complaint pass initial review, the Plaintiff will have the opportunity to engage in discovery in due course. Accordingly, the premature and misdirected Motion seeking discovery is denied.[5]

---

[4] The Motion does not seek leave to engage in early discovery or contain any justification for such a request.

[5] The Court further notes that the Plaintiff is represented by appointed counsel in his pending Iredell County criminal cases. The Plaintiff is urged to direct his requests for information and documents concerning those cases to his criminal lawyer.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim upon which relief can be granted and the Complaint is dismissed. The claims against the Iredell County Courts and the Iredell County District Attorney's Office are dismissed with prejudice, and the pending Motion seeking discovery is denied.

The Court will allow the Plaintiff thirty (30) days to file a superseding Amended Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Plaintiff's prior filings. Piecemeal amendment will not be allowed. Should the Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to the Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2. The Claims against the Iredell County Courts and the Iredell County District Attorney's Office are **DISMISSED WITH PREJUDICE**.

3. Plaintiff's Motion [Doc. 8] is construed as a premature, misdirected request for discovery and is **DENIED**.

4. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order.  If Plaintiff fails to file a superseding Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form, a blank § 2241 form, and a copy of this Order.

**IT IS SO ORDERED.**

Signed: October 30, 2022

Martin Reidinger
Chief United States District Judge