IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00111-MR

| | |
|---|---|
| DANIEL GALLARDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| IREDELL COUNTY COURTS, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 10]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

I.   **BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while he was a pretrial detainee at the Iredell County Detention Center.[1] The Complaint was dismissed on initial review and he was granted the

---

[1] It appears that the Plaintiff has now been convicted on the Iredell County charges and is in the custody of the North Carolina Department of Adult Corrections (NCDAC). https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1701230&searchLastName=gallardo&searchFirstName=daniel&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed March 17, 2023); Fed. R. Evid. 201. The Plaintiff is reminded that it is his responsibility to keep the Court informed of his current address at all times. [See Doc. 3 (Order of Instructions)].

opportunity to amend. [Doc. 9]. The Amended Complaint [Doc. 10] is now before the Court for initial review.

The Plaintiff names as Defendants: L. Dale Graham, the Chief Judge of the Iredell County District Court; Regina Mary Mahoney, a district attorney; and Mark Thomas Davis, a public defender. [Doc. 10 at 2-3]. He appears to claim that the Defendants denied him due process in his Iredell County criminal case by: failing to schedule a probable cause hearing; changing or continuing court dates; and moving his indictment to the Iredell County Superior Court. [Id. at 4-5]. He does not claim any injury. [Id. at 5]. He seeks the dismissal of his criminal charges with prejudice, and damages. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION[2]

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff purports to name as Defendants an Iredell County District Court judge, a prosecutor, and a public defender.

Judges are absolutely immune from suit under the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A

---

[2] The Amended Complaint, like the Complaint, was written lightly in pencil and is difficult to read.

judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted). Judge Graham is absolutely immune from suit and, accordingly, the claims against him are dismissed with prejudice.

Prosecutors are absolutely immune from section 1983 liability for acts arising out of their official functions. Imbler, 424 U.S. at 418. The Plaintiff's claims against Defendant Mahoney with regards to his criminal prosecution are, therefore, barred by prosecutorial immunity and the claims against her are dismissed with prejudice.

Finally, the Plaintiff asserts claims against Defendant Davis, his criminal defense lawyer. However, Plaintiff makes absolutely no factual allegations to support the contention that Defendant Davis was acting under the color of state law during the criminal representation. See generally Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not

4

act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). As such, Defendant Davis is not subject to suit under § 1983 and the claims against him are dismissed.

Moreover, the Plaintiff continues to seek relief that is not available in this § 1983 action,[3] and he has failed to address abstention principles that were identified in the Order on initial review of the Complaint.[4] [See Doc. 9].

The Court will dismiss this action with prejudice because the Plaintiff has already been allowed to amend his complaint once and he has again failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

---

[3] The Court explained in the Order on initial review that a challenge to the fact or duration of his physical confinement must be brought in a federal habeas petition, and it instructed the Clerk to provide the Petitioner with a § 2241 form so that he may challenge his pretrial detention. [Doc. 9 at 6]. Now that the Plaintiff has been convicted, any challenge to his conviction or sentence must be brought pursuant to 28 U.S.C. § 2254. The Clerk will be instructed to mail the Plaintiff a blank § 2254 form. The Court makes no determinations about the potential merit or procedural viability of such an action.

[4] The Court addressed Younger abstention in the Order on initial review of the Complaint. [Doc. 9 at 5-6]. Now that the Plaintiff has been convicted on the state charges, his claims appear to be barred by Heck v. Humphrey, 512 U.S. 477 (1994), in which the Supreme Court held that, when a prisoner seeks damages in a § 1983 suit, the complaint must be dismissed if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence has been invalidated.

## IV. CONCLUSION

For the reasons stated herein, the Plaintiff's Amended Complaint is dismissed with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 10] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 2254 form and a copy of this Order at his address of record and to: Daniel Gallardo, Inmate No. 1701230, at the Albemarle Correctional Institution.

**IT IS SO ORDERED.**

Signed: March 22, 2023

Martin Reidinger
Chief United States District Judge